**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000994
15-OCT-2015
08:19 AM**

NO. CAAP-14-0000994

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAII NATIONAL BANK, Plaintiff-Appellee, v.
SUTAH CHIRAYUNON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0998)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Sutah Chirayunon (**Chirayunon**) appeals from the: (1) "Order Granting Plaintiff's Motion for Partial Summary Judgment, Filed August 12, 2013" entered on June 30, 2014; (2) Writ of Possession entered on July 9, 2014; and (3) Judgment for Possession entered on July 9, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Appellant contends the circuit court erred in granting summary judgment in favor of Plaintiff-Appellee Hawaii National Bank (**HNB**).

## I.  BACKGROUND[2]

On October 10, 2003, Chirayunon entered into a leasehold agreement with Kahala Gardens Apartments, Inc. (**Co-op**) for Apartment Number (**Unit 9**).  In May 2007, the Co-op elected to convert from a leased-fee interest co-op to a fee-simple

---

[1]    The Honorable Jeannette H. Castagnetti presided.

[2]    The background section is based on facts taken in the light most favorable to Chirayunon, the non-moving party.

condominium, which Chirayunon, as a leasehold interest holder, agreed to in writing. The Co-op purchased the property with a mortgage from HNB on July 25, 2007.

The Co-op presented three options to the apartment owners: (1) immediately purchase the unit in fee and secure financing with new first mortgage lien on the condominium unit with a pro rata pay down and partial release of HNB's mortgage (**Option 1**); (2) vacate the unit when the proprietary lease term expires on July 31, 2007 (**Option 2**); or (3) pay the unit's pro rata share of HNB's mortgage loan carrying costs to the Co-op in lieu of rent for the land and later refinance with a new first mortgage on or before the due date of August 10, 2016 (**Option 3**). Chirayunon and the Co-op agreed on Option 3.

Chirayunon spent over $200,000 in a three-year period in building materials, fixtures, and appliances upgrading the interior of Unit 9. The Co-op approved Chirayunon's renovation plans.

On May 11, 2011, HNB and Chirayunon entered into a rental agreement for Unit 9 with the end date of December 31, 2011.

On June 3, 2011 Chirayunon signed a "Cancellation and Termination of Lease and Agreement" (**Cancellation Agreement**), which terminated his interest in the proprietary lease. According to Chirayunon, HNB threatened to send the police to the Unit to lock him and his family out of his home in order to convince him to sign this agreement. Chirayunon further attests that the Cancellation Agreement did not terminate his rights in the property under Option 3.

The May 11, 2011 rental agreement was extended to March 30, 2012, again to May 31, 2012, and finally to August 31, 2012, when the rental agreement ended.

On October 17, 2012, HNB filed a complaint for summary possession in the District Court of the First Circuit (**district court**). On March 25, 2013, the district court granted Chirayunon's motion to dismiss the complaint for lack of subject matter jurisdiction.

2

On April 3, 2013, HNB filed a complaint in the circuit court for declaratory relief, possession, and damages. HNB moved for partial summary judgment on August 12, 2013 on its claims for declaratory relief and possession of Unit 9. On June 30, 2014, the circuit court entered the "Order Granting Plaintiff's Motion for Partial Summary Judgment, Filed August 12, 2013."

## II. STANDARD OF REVIEW

**Motion for Summary Judgment**

Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(c) entitles a party to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Hawai'i Supreme Court has elaborated:

> A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Nuuanu Valley Ass'n v. City & Cnty. Of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008) (quoting Kahale v. City & Cnty. Of Honolulu, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004)). The grant or denial of summary judgment is reviewed de novo. Nuuanu Valley Ass'n, 119 Hawai'i at 96, 195 P.3d at 537.

## III. DISCUSSION

Chirayunon contends that numerous genuine issues of material fact remain in dispute as to whether he had an interest in Unit 9 based on the Option 3 agreement.

In ruling on HNB's motion for summary judgment, the circuit court held:

> In this case, I do find that [HNB] has met its initial burden of establishing there is no genuine issue of material fact as to [HNB's] claim for declaratory relief, that [Chirayunon] has no right, title, or interest in the subject property, which we've been referring to as Unit 9, and that [HNB] is entitled to judgment as a matter of law. As such, the

burden shifts to [Chirayunon] to establish their admissible evidence that a genuine issue of material fact for trial exists.

[Chirayunon] claims to have a leasehold interest in Unit 9 and also claims to have an option to purchase Unit 9 in fee simple on or before August 10, 2016. As to [Chirayunon's] claim that he holds a leasehold interest in the subject property, [Chirayunon] has not produced any evidence that would create a genuine issue of material fact for trial that he holds a leasehold interest in the unit.

The undisputed record evidence establishes that prior to [the Co-op's] conversion from a co-op to a condominium, [Chirayunon] had an interest in the [Co-op] and then had a residential lease as to Unit 9. As to [Chirayunon's] interest in the [Co-op], that interest was cancelled and terminated pursuant to the [Cancellation Agreement], which was attached as Exhibit 1 to [HNB's] motion for summary judgment. The lease termination and agreement was executed by the [Chirayunon]. That's not disputed.

. . . .

[Chirayunon's] claim that he made real property tax payments on the unit is unsupported by the record. Rather, the undisputed evidence is that since [HNB] acquired its ownership interest in the unit, [HNB] has made the real property tax payments. [Chirayunon] has merely submitted invoices, but no proof of any payments.

Also, the fact that [Chirayunon] obtained a permit or permits from the City and County to make interior improvements to the unit does not create a genuine issue of material fact for trial that [Chirayunon] actually holds a leasehold interest in the unit. The undisputed record evidence does not create any genuine issue of material fact for trial that [Chirayunon] held a leasehold interest in the property. Rather, the evidence establishes that [Chirayunon's] possessory interest in the property was as a tenant by 2012.

As to [Chirayunon's] claim that he had an option to buy the fee simple interest in the property by August 2016, [Chirayunon] has not established a genuine issue of material fact for trial as to the so-called option.

First, under the statute of frauds, such an option to purchase the unit must be in writing. [Chirayunon] himself does not have the option in writing. Hawaii Revised Statutes Section 656-1 requires any contract for the sale of lands, tenements, or of any interest in or concerning them to be in writing. The statute of frauds also requires any agreement that is not to be performed within one year from the making thereof to be in writing.

4

Again, [Chirayunon], who claims he executed an option to buy the unit by August 2016, does not have a copy of the option himself. And notwithstanding being given three continuances to locate such an option, [Chirayunon] has not done so. The only reasonable inference is that such an option does not exist. Other than his verbal assertion that such an option existed, he has not been able to produce any written document evidencing such an option. He has not been able to produce any other witnesses who can even testify as to the existence of any such option, and that it was ever given to prior stockholders of [the Co-op].

. . . .

As [Chirayunon] has not established any genuine issue of material fact that he has an interest in Unit 9, whether it was a leasehold interest or with an option to purchase the property by August 2016, [HNB] is entitled to judgment as a matter of law.

As to [Chirayunon's] claim that he signed the residential lease agreement under duress, that claim is unsupported by the record evidence.

. . . .

Even if it were true that [Chirayunon] was told the police would be sent to his home to lock him out and evict his family, [Chirayunon] did not have any interest in Unit 9 and no legal right to occupy the property. [HNB] had a good-faith basis to threaten eviction, given that [Chirayunon] had no interest in the property. Therefore, this would not constitute duress. And I'm relying on [Kam Chin Chun Ming v. Kam Hee Ho, 45 Haw. 521, 532, 371 P.2d 379, 388 (1962)].

## A. Statute of Frauds

Chirayunon cites to Yee Hop v. Young Sak Cho, 25 Haw. 494 (Haw. Terr. 1920) for the proposition that "[t]enants under an oral lease with an option to extend the term, who improve the premises with the knowledge and consent of the prior lessor, have a valid title claim sufficient to defeat a summary possession claim filed by the lessor's successor." In essence, Chirayunon argues that the Statute of Frauds does not apply because his partial performance has taken him out of the Statute of Frauds. Chirayunon's partial performance was his substantial renovations to Unit 9, which were approved by the Co-op, as well as his consistency in paying off his allocated share of the mortgage. In his declaration in support of his opposition to partial summary judgment, Chirayunon declares that he spent over $200,000 to complete interior improvements to the unit. In addition,

Chirayunon states that he paid his pro rata share of the mortgage directly to HBN before entering into a rental agreement with HNB on May 11, 2011. Chirayunon asserts that his rental payments were the equivalent of the pro rata mortgage payments under the Option 3 agreement.

Part performance takes an oral agreement out of the Statute of Frauds "where there has been substantial reliance by the party seeking to enforce the contract." Hawaiian Trust Co. v. Cowan, 4 Haw. App. 166, 171, 663 P.2d 634, 637 (1983) (quoting McIntosh v. Murphy, 52 Haw. 29, 34, 469 P.2d 177, 180 (1970)) (internal quotation marks omitted). "The part performance must be such that to allow a promisor to repudiate would constitute an injustice upon the promisee." Hawaiian Trust Co., 4 Haw. App. at 171, 663 P.2d at 637.

Here, taking the facts in the light most favorable to Chirayunon, the substantial improvements made to the property takes his purported agreement for Option 3 out of the Statute of Frauds.[3] It would be an injustice to Chirayunon to allow the Co-op to repudiate its promise in light of Chirayunon's performance improving the property. Id. Therefore, the purported Option 3 agreement between Chirayunon and the Co-op does not need to satisfy the Statute of Frauds.

**B. Existence of the Option 3 Agreement**

Chirayunon suggests that his interest in Unit 9 is based in his acceptance of Option 3, which "gave him the right to purchase his pro-rata fee interest for $311,003.00 on or before the due date of [HNB's] mortgage loan, August 10, 2016." The circuit court was critical of Chirayunon for not citing to any evidence that establishes the existence of the Option 3 agreement with the Co-op beyond his declaration. In considering summary

---

[3]     Chirayunon's declaration does not specifically state whether his Option 3 agreement was oral or in writing. His counsel sought HRCP Rule 56(f) continuances that were granted by the circuit court in order to conduct discovery to locate documents, including the Option 3 agreement. Said discovery did not result in locating a written Option 3 agreement by Chirayunon. Nonetheless, we conclude that based on Chirayunon's declaration, his past performance renders the Statute of Frauds inapplicable.

6

judgment, however, all evidence must be taken in the light most favorable to the non-moving party. Nuuanu Valley Ass'n, 119 Hawai'i at 96, 195 P.3d at 537. "[W]here the record evinces a conflict in the evidence regarding the content of an affidavit . . . the credibility of the affiant . . . must be assessed by the trier of fact." Crichfield v. Grand Wailea Co., 93 Hawai'i 477, 488, 6 P.3d 349, 360 (2000). The existence of the Option 3 agreement will largely depend on Chirayunon's credibility, given the absence of written documentation, which is a matter for the trier of fact, and thus summary judgment is inappropriate. Crichfield, 93 Hawai'i at 488, 6 P.3d at 360.

**C. Duress**

Chirayunon disputes the circuit court's finding that the Cancellation Agreement was not signed under duress. Chirayunon cites to his declaration in opposition to the motion for partial summary judgment, in which he explained that HNB "had threatened to send the police to my property to evict and lock me and my family out of our home." In denying Chirayunon's duress defense, the circuit court relied on its conclusion that Chirayunon had no legal basis to occupy Unit 9 at the time the alleged threats were made and cited to Kam Chin Chun Ming, 45 Haw. at 532, 371 P.2d at 388. The Hawai'i Supreme Court in Kam Chin Chun Ming recognized that the threat of litigation by a party who has a good faith claim does not constitute duress. Id. at 558-59, 371 P.2d at 402. However, Chirayunon alleges that he did have a right to occupy Unit 9.

"[A]n agreement is voidable due to duress when a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative." Balogh v. Balogh, 134 Hawai'i 29, 44, 332 P.3d 631, 646 (2014) (internal quotation marks omitted) (citing Standard Fin. Co. v. Ellis, 3 Haw. App. 614, 621, 657 P.2d 1056, 1061 (1983). Here, Chirayunon has raised a genuine issue of material fact as to whether he had a legal right to occupy Unit 9, whether HNB made an improper threat, and whether he was left

7

with no reasonable alternative, and as such, summary judgment was inappropriate.  HRCP Rule 56(c).

## IV.  CONCLUSION

The June 30, 2014 (1) "Order Granting Plaintiff's Motion for Partial Summary Judgment Filed August 12, 2013"; (2) July 9, 2014 Writ of Possession; and (3) July 9, 2014 Judgment for Possession all entered in the Circuit Court of the First Circuit are vacated and this case is remanded for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, October 15, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Zeina Jafar
(Dubin Law Offices)
for Defendant-Appellant.

Leroy E. Colombe
(Chun Kerr)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge